

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. **MIKE MARTIN,** | ) ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | No. 04 C 7060 |
| **JOHN CHAMBERS, Warden, Danville Correctional Center,** | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Mike Martin's ("Martin") petition for writ of *habeas corpus*. For the reasons stated below, we grant Respondent's motion to dismiss in its entirety.

## BACKGROUND

On December 4, 1998, following a jury trial in the Circuit Court of Lake County, Illinois ("trial court"), Martin was found guilty of attempted first degree murder, two counts of armed violence, and two counts of aggravated battery with a

1

firearm. Martin was subsequently sentenced to consecutive prison terms of 24 and 25 years for each of the convictions for armed violence. Martin filed an appeal and the Appellate Court of Illinois affirmed the judgment of the trial court, but modified the mittimus to specify that Martin was entitled to day-for-day good conduct credit against his sentence. Martin then filed a petition for leave to appeal ("PLA") with the Supreme Court of Illinois, which was denied on April 4, 2001.

On May 16, 2001, Martin filed a post-conviction petition in the trial court, which was dismissed on July 16, 2001. Martin filed an appeal and the Appellate Court of Illinois affirmed the judgment of the trial court. Martin then filed a PLA with the Supreme Court of Illinois, which was denied on October 7, 2003.

Martin filed a petition for writ of *habeas corpus* claiming that his counsel on direct appeal was ineffective. Respondent has filed a motion to dismiss arguing that Martin's petition for writ of *habeas corpus* should be dismissed since it was not filed within the one-year statute of limitations period imposed in the Anti-Terrorism and Effective Death Penalty Act of 1996 § 1, *et seq.* ("AEDPA").

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254(d):

2

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). AEDPA imposes a one year statute of limitations for the filing of a petition for writ of *habeas corpus*, under 28 U.S.C. § 2244(d) ("Section 2244(d)"), which provides the following:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## DISCUSSION

I. Filing Date

Martin's petition for writ of *habeas corpus* was received by the Clerk of Court for the Northern District of Illinois on November 2, 2004. However, a petition for writ of *habeas corpus* "is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Jones v. Bertrand*, 171 F.3d 499, 500-02 (7th Cir. 1999). Accordingly, we will consider that Martin's petition for writ of *habeas corpus* was tendered to the prison authorities on the date in which he signed such petition, namely October 26, 2004. (Pet. 7). Therefore, Martin's petition for writ of *habeas corpus* will be deemed to have been filed on October 26, 2004. *Jones*, 171 F.3d at 502.

II. Statute of Limitations

Respondent contends that since Martin failed to file his petition for writ of *habeas corpus* within a year after October 7, 2003, the date the Supreme Court of Illinois denied his PLA from his post-conviction petition, Martin's petition is untimely and thus time-barred under AEDPA's statute of limitations. Martin argues that his petition for writ of *habeas corpus* filed on October 26, 2004 is timely because his conviction did not become final, for AEDPA's statute of limitations

4

purposes, until October 29, 2003, the date the Supreme Court of Illinois issued its mandate to the Appellate Court.

For purposes of *habeas* review, AEDPA's one-year statute of limitations "begin to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ." *See Anderson v. Lischer*, 281 F.3d 672, 675 (7th Cir. 2002)(emphasis in the original)(explaining that the period during which a petitioner may file a petition for writ of *certiorari* with the United States Supreme Court expires ninety days after all direct criminal appeals in the state system are concluded). However, AEDPA's statute of limitations are tolled when a petitioner has a proper application for state post-conviction review filed and pending in the state court. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004);*Smith v. Walls*, 276 F.3d 340, 343 (7th Cir. 2002).

AEDPA's statute of limitations did not begin to run in this matter after the Supreme Court of Illinois denied Martin's PLA on direct appeal since Martin filed a state post-conviction petition before the ninety-day period allotted for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *Lischer*, 281 F.3d 675; (Resp't App. D, A. 5). Further, during the period in which Martin's post-conviction petition was "pending" in the state court, AEDPA's statute of limitations were tolled. *Walls*, 276 F.3d at 343. When, on October 7, 2003, the

Supreme Court of Illinois denied Martin's PLA from his post-conviction petition, AEDPA's statute of limitations were "triggered" and Martin then had until October 7, 2004 to file a timely petition for writ of *habeas corpus*. *Wilson v. Battles*, 302 F.3d 745, 747-48 (7th Cir. 2002). The fact that on October 29, 2003, the Supreme Court of Illinois issued its mandate to the Appellate Court of Illinois had no bearing on when AEDPA's statute of limitations began to run in this matter. *See Battles*, 302 F.3d at 747-48(finding that a petitioner's conviction became final, and AEDPA's statute of limitations began to run, on the date the Supreme Court of Illinois denied his PLA from his post-conviction petition). Since Martin filed his petition for writ of *habeas corpus* on October 26, 2004, nineteen days after AEDPA's one-year statute of limitations expired, Martin's petition is untimely. Therefore, we find that Martin's petition for writ of *habeas corpus* is time-barred pursuant to Section 2244(d). 28 U.S.C. § 2244(d).

III. Equitable Tolling

The equitable tolling of AEDPA's statute of limitations is proper in "exceptional circumstances" and should only be "granted sparingly." *Battles*, 302 F.3d at 748(quoting *United States v. Marcello*, 212 F.3d 1005, 1010). The doctrine of equitable tolling is appropriate "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the *habeas* petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004).

Martin argues that he should be permitted to continue with his petition for writ

of *habeas corpus* under the doctrine of equitable tolling. Martin maintains that he received a letter of notification from the Supreme Court of Illinois, dated October 7, 2003, which informed him that his PLA from his post-conviction petition had been denied on October 7, 2003 and that a mandate would issue to the Appellate Court of Illinois on October 29, 2003. (Pet'r Resp. 2-3; Ex. A). Martin argues that "it is more than reasonable that [he] was unaware of any legal requirement" that required him to file his petition for writ of *habeas corpus* within one year of the October 7, 2003 date appearing on the letter of notification from the Supreme Court of Illinois. (Pet'r Resp. 3). Martin's argument is without merit since "even reasonable mistakes of law are not a basis for equitable tolling" for an untimely petition for writ of *habeas corpus*. *Sims*, 390 F.3d at 963. Further, in the event that Martin was uncertain as to which date was controlling for AEDPA statute of limitations purposes, Martin should have filed his petition for writ of *habeas corpus* based on the "earliest" date that appeared on the letter of notification he received from the Supreme Court of Illinois, that is, October 7, 2003. *Battles*, 302 F.3d at 748-49(denying a petitioner's request that AEDPA's statute of limitations be equitably tolled where a petitioner and his lawyer were confused as to the controlling filing deadline for AEDPA statute of limitation purposes.). The circumstance Martin has pointed to is not "extraordinary" and was not outside of his control such that it precluded him from timely filing his petition for writ of *habeas corpus*. *Gildon*, 384 F.3d at 887. Martin's mistake in calculating the filing period deadline does not "excuse his untimeliness" and does not warrant that AEDPA's statute of limitations be equitably tolled. *Battles*, 302 F.3d at

7

748-49. Therefore, we find that the doctrine of equitable tolling is not appropriate and decline to apply it in this case.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 22, 2005