# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. <br> **MIKE MARTIN,** <br><br> Petitioner, <br><br> v. <br><br> **JOHN CHAMBERS, Warden,** <br> **Danville Correctional Center,** <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 04 C 7060 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Mike Martin's ("Martin") request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons stated below, Martin's request for a certificate of appealability is denied.

## BACKGROUND

On December 4, 1998, following a jury trial in the Circuit Court of Lake County, Illinois ("trial court"), Martin was found guilty of attempted first degree murder, two counts of armed violence, and two counts of aggravated battery with a firearm. Martin was subsequently sentenced to consecutive prison terms of 24 and

1

25 years for each of the convictions for armed violence. Martin filed an appeal and the Appellate Court of Illinois affirmed the judgment of the trial court, but modified the mittimus to specify that Martin was entitled to day-for-day good conduct credit against his sentence. Martin then filed a petition for leave to appeal with the Supreme Court of Illinois, which was denied on April 4, 2001. On May 16, 2001, Martin filed a state post-conviction petition in the trial court, which was dismissed on July 16, 2001. Martin then filed an appeal and the Appellate Court of Illinois affirmed the judgment of the trial court. Subsequently, Martin filed a petition for leave to appeal with the Supreme Court of Illinois, which was denied on October 7, 2003.

On October 26, 2004, Martin filed his petition for writ of *habeas corpus* before this court and Respondent subsequently filed a motion to dismiss. On April 22, 2005, in a memorandum opinion, we granted Respondent's motion to dismiss since Martin's petition for writ of *habeas corpus* was time-barred because it was not filed within the one-year statute of limitations period imposed in the Anti-Terrorism and Effective Death Penalty Act of 1996 § 1, *et seq.* ("AEDPA"). Martin now seeks a certificate of appealability.

## LEGAL STANDARD

In order to appeal the denial of a petition for writ of *habeas corpus*, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c);

*Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

In Martin's request for a certificate of appealability, Martin claims that the court failed to sufficiently consider the arguments presented by Martin in his response brief to Respondent's motion to dismiss ("Response Brief"). As a result, Martin contends that the court miscalculated the date in which Martin's state court conviction became final for purposes of *habeas* review. (Request 3-4). In addition, Martin argues that the court should have applied the doctrine of equitable tolling. (Request 3-4). Despite Martin's contentions, the court did in fact consider the arguments set forth in Martin's Response Brief and as our prior opinion illustrates, Martin's arguments are without merit. (Opinion 4-8).

### I. Statute of Limitations

In Martin's request for a certificate of appealability, Martin contends that the

court miscalculated the date in which Martin's state court conviction became final for purposes of *habeas* review. (Request 3-4). AEDPA's one-year statute of limitations, for purposes of *habeas* review, "begin to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ." *See Anderson v. Lischer*, 281 F.3d 672, 675 (7th Cir. 2002)(emphasis in the original)(explaining that the period during which a petitioner may file a petition for writ of *certiorari* with the United States Supreme Court expires ninety days after all direct criminal appeals in the state system are concluded). AEDPA's statute of limitations are tolled while a petitioner has a proper application for state post-conviction review filed and pending in the state court. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004); *Smith v. Walls*, 276 F.3d 340, 343 (7th Cir. 2002).

The record reflects that after Martin exhausted his remedies on direct appeal, Martin filed a state post-conviction petition before the expiration of the ninety-day period allotted for filing a petition for writ of *certiorari* with the United States Supreme Court. *Lischer*, 281 F.3d 675; (Resp't App. D, A. 5). Accordingly, AEDPA's statute of limitations remained tolled during the period in which Martin's state post-conviction petition was "pending" in the state court. *Walls*, 276 F.3d at 343. On October 7, 2003, the Supreme Court of Illinois denied Martin's petition for leave to appeal from the lower courts' decision on his state post-conviction petition.

Therefore, on October 7, 2003, AEDPA's statute of limitations were triggered and Martin had until October 7, 2004 to file a timely petition for writ of *habeas corpus*. *Wilson v. Battles*, 302 F.3d 745, 747-48 (7th Cir. 2002).

In Martin's Response Brief, Martin has contended that his petition for writ of *habeas corpus* which was filed on October 26, 2004 was timely because his conviction did not become final on October 7, 2003, the day the Supreme Court of Illinois denied Martin's petition for leave to appeal from the lower courts' decision on his state post-conviction petition. Rather, Martin argues that his conviction did not become final until October 29, 2003, the date the Supreme Court of Illinois issued its mandate to the Appellate Court of Illinois. In Respondent's reply brief, Respondent has disputed Martin's contention and has argued that Martin's petition for writ of *habeas corpus* became final on October 7, 2003, the day the Supreme Court of Illinois denied Martin's petition for leave to appeal from the lower courts' decision on his state post-conviction petition. (Resp't Reply 1-2). Under Illinois law, "the judgment of an Illinois Court of Appeals is final on the day it is entered" and not on the day such a court issues its mandate. *See Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)(stating that "state law controls the issue of when a state action is pending and when it is final."). Accordingly, Martin's conviction became final on October 7, 2003, the date the Supreme Court of Illinois denied his petition for leave to appeal from the lower courts' decision on his state post-conviction petition. *Gildon*, 384 F.3d at 887; *Battles*, 302 F.3d at 747-48. For AEDPA's statute of limitations purposes, Martin therefore had until October 7, 2004 to file a

timely petition for writ of *habeas corpus*. Since Martin filed his petition for writ of *habeas corpus* on October 26, 2004, nineteen days after the period of limitations expired, Martin's petition was untimely. Therefore, in our ruling on April 22, 2005, we found that Martin's petition for writ of *habeas corpus* was time-barred pursuant to Section 2244(d). 28 U.S.C. § 2244(d).

II. Equitable Tolling

In Martin's request for a certificate of appealability, Martin argues that the court should have applied the doctrine of equitable tolling. (Request 3). The equitable tolling of AEDPA's statute of limitations is proper in "exceptional circumstances" and should only be "granted sparingly." *Battles*, 302 F.3d at 748(quoting *United States v. Marcello*, 212 F.3d 1005, 1010). The doctrine of equitable tolling is appropriate "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the *habeas* petition." *Gildon*, 384 F.3d at 887.

In Martin's Response Brief, Martin argued that he should have been permitted to continue with his petition for writ of *habeas corpus* under the doctrine of equitable tolling. Martin maintained that he received a letter of notification from the Supreme Court of Illinois, dated October 7, 2003, which informed him that his petition for leave to appeal from the lower courts' decision on his state post-conviction petition had been denied on October 7, 2003 and that a mandate would issue to the Appellate Court of Illinois on October 29, 2003. (Pet'r Resp. 2-3; Ex. A). Martin argued that

6

"it is more than reasonable that [he] was unaware of any legal requirement" that required him to file his petition for writ of *habeas corpus* within one year of the October 7, 2003 date appearing on the letter of notification from the Supreme Court of Illinois. (Pet'r Resp. 3). As we stated in our prior opinion, Martin's argument in this regard is without merit since "even reasonable mistakes of law are not a basis for equitable tolling" for an untimely petition for writ of *habeas corpus*. *Sims*, 390 F.3d at 963. Further, in the event that Martin was uncertain as to which date was controlling for purposes of AEDPA's statute of limitations, Martin should have filed his petition for writ of *habeas corpus* based on the "earliest" date that appeared on the letter of notification he received from the Supreme Court of Illinois, which was October 7, 2003. *Battles*, 302 F.3d at 748-49(denying a petitioner's request that AEDPA's statute of limitations be equitably tolled where a petitioner and his lawyer were confused as to the controlling deadline for filing a writ of *habeas corpus*). Martin has failed to point to circumstances that were "extraordinary" and outside of his control such that it precluded him from timely filing his petition for writ of *habeas corpus*. *Gildon*, 384 F.3d at 887. Martin's mistake in calculating the filing period deadline did not "excuse his untimeliness" and did not warrant equitable tolling of AEDPA's statute of limitations. *Battles*, 302 F.3d at 748-49. Therefore, in our ruling on April 22, 2005, we found that the application of the doctrine of equitable tolling is not appropriate in this case.

In Martin's request for a certificate of appealability, Martin has failed to make a substantial showing that he has been denied a constitutional right and has also failed

7

to show that reasonable jurists could agree or debate whether Martin's petition for writ of *habeas corpus* should be dismissed. Further, Martin has not presented any meritorious arguments that would indicate that the issues presented in Martin's petition for writ of *habeas corpus* deserve "encouragement to proceed further." *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893). Therefore, we deny Martin's request for a certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, Martin's request for a certificate of appealability is denied.

                                                Samuel Der-Yeghiayan
                                                United States District Court Judge

Dated: August 31, 2005